## ANDERSON ET AL. v. RASMUSSEN.

CONTRACT FOR SALE OF REALTY—EJECTMENT—EVIDENCE—EQUITABLE DEFENSE—PLEADING.

1.  It is sufficient to entitle a plaintiff in ejectment to recover if he shows in himself a legal right of possession at the time of the commencement of the suit.

2.  Without proof of the vendor's title, a contract for the sale of land will not entitle the vendee to recover posses-

sion from one who had been in actual occupancy from a time anterior to the contract, as title in the vendor will not be presumed from the fact that he has contracted to convey the property at some future date.

3. Where the contract is made by an agent, it is essential that proof be made of his authority.

4. Under a contract for the sale of land showing a purpose of the parties that the purchaser should have the right to the use, occupancy and possession of the premises, such person has a legal estate which will support an action in ejectment.

5. In an action to recover posession of land, an equitable defense is not admissible under a general denial, as such a pleading is but a denial of the plaintiff's title and an admission of defendant's alleged possession.

[Commenced in District Court January 27, 1893—Decided June 6, 1894.]

ERROR to the District Court for Sweetwater County, HON. JESSE KNIGHT, Judge.

ACTION by Ella L. Rasmussen against Conrad Anderson and Serena Anderson, for the recovery of certain real property. The material facts are fully stated in the opinion.

*E. E. Enterline,* for plaintiffs in error.

The signature of the parties to the contract should have been identified. (1 Greenleaf Ev., Sec. 557; Reynolds Stephen Ev., p. 104; Weaver v. Whilden, 11 S. E., 686; Adams v. School Comrs., 20 Atl., 95.) A contract of purchase of lands gives a mere equitable title. (Newell on Ej., pp. 435, 680; Norton v. Dickson, 14 S. W., 905; Tarpey v. Deseret Salt Co., 5 Utah, 205; Pendergast v. R. R. Co., 53.) Plaintiff having alleged a legal estate could not recover upon an equitable title. (Dearing v. Merrill, 49 N. W., 693; Tarpey v. Salt Co., supra; Seaton v. Son, 32 Cal., 481; O'Connell v. Dougherty, id., 458; Talbert v. Hopper, 42 id., 402; Pomeroy's Rem., Sec. 102; Folger v. Coward, 35 Cal., 650; Lawrence v. Webster, 44 id., 386; San Felipe v. Belshaw, 49 id., 655; Newell, 382; Daniel v. Lefevre, 19 Ark., 202; Adams on Ej., 247; Fleming v.

Johnson, 26 Ark., 421; Smith v. Smith, 80 Cal., 323; 6 Am. & Eng. Ency. L., 245; Carroll v. Norwood, 5 Har. & J., 164; Baylor v. Neff, 3 McLean, 302; Buxton v. Carter, 11 Miss., 481; Dale v. Haneman, 12 Neb., 221; Upfalt v. Nelson, 18 id., 533; Kilteringham v. Blairtown, Etc., 66 Ia., 280; Page v. Cole, 6 id., 157.) An equitable defense can be proven under a general denial. (Armstrong v. Brownfield, 32 Kan., 116; Dale v. Haneman, supra; Newell, 681.) Plaintiff must recover upon the strength of her own title. (Allen v. Long, 16 S. W., 43; Bludom v. Coal Co., 89 Tenn., 166; O'Brien v. Bugbee, 46 Kan., 1; Eldon v. Doe, 6 Blackf. (Ind.), 341; Huddleston v. Garrett, 3 Humph., 629; Winn v. Cole, Walker (Miss.), 119; Hacker v. Harlemus, 74 Wis., 21; Chivington v. Colo. Spr. Co., 9 Colo., 597.)

*John F. Mail,* for defendant in error.

The signature to the contract was properly identified, although not by a witness who had seen the person write. (Error v. Hodson, 28 Ill., App. 445; Tucker v. Kellogg, 8 Utah, 11.) The evidence of plaintiff was sufficient to establish her title.

CLARK, JUSTICE.

This is an action brought in the court below by defendant in error for the recovery of possession of certain real property.

Her petition was drawn in accordance with the provisions of Sec. 2987, R. S., Wyo., and in it she alleged that she "has "a legal estate in and is entitled to the possession of the fol- "lowing described premises, to wit: Lot numbered four (4) "in block numbered five (5) in the Union Pacific Coal Com- "pany's North Addition to the Town of Rock Springs in the "County of Sweetwater, and State of Wyoming, as said lot "is laid down and described in the official plat of said North "Addition now on file and of record in the office of the county "clerk of said Sweetwater county, and said defendants have "ever since the first day of December, A. D. 1892, unlawfully "kept and still keeps the plaintiff out of possession thereof."

To this petition defendants interposed a general denial.

Upon the trial the plaintiff, to prove her estate in the premises and her right to the possession thereof, introduced in evidence over the objection of defendants a contract for the sale and purchase of the lot in question, dated October 19, 1892, purporting to have been made between the Union Pacific Coal Company, the vendor, and the plaintiff, Ella L. Rasmussen, the vendee, in which the vendor agreed upon the receipt of certain payments therein mentioned to be made by the vendee to convey said lot to her or her assigns by warranty deed. The contract contained an acknowledgment of the receipt of a first payment, and provided for a second and third payment on respectively October 19, 1893, and October 19, 1894. The contract was signed as follows: "The Union Pacific Coal Company, by B. A. McAllaster, Land Agent," and also by the vendee. Upon the offer of the contract in evidence, counsel for defendants objected to its being received for the reason that the signatures to it had not been identified. To overcome this objection evidence was introduced, which though very indefinite, still had some tendency to prove the signature of the Land Agent, B. A. McAllaster, and we do not think the court erred in overruling this specific objection. At the close of plaintiff's testimony, defendants moved to dismiss the action upon "the ground that there was no evidence to support plaintiff's action." This motion was overruled by the court, to which order defendants excepted. And thereupon defendants introduced evidence showing that they had been in the actual use and occupation of the premises since October, 1890. Upon the submission of the cause to the court a finding was made in favor of the plaintiff and judgment entered that she recover possession of the premises. Within due time motion for a new trial was made, one of the grounds for which was "that the decision is not sustained by sufficient evidence and is contrary to law." This motion was overruled and exception duly reserved. We think the motion for a new trial should have been sustained, upon the ground above stated. The evidence conclusively shows that from October, 1890, up to the time this action was commenced the

defendants were in the actual use, occupation and possession of the premises; that the only claim which plaintiff had thereto is based upon the contract hereinbefore mentioned, and there is a total lack of evidence showing or tending to show any title of any kind whatever in the plaintiff's vendor, the Union Pacific Coal Company. It was essential for plaintiff to show some title to the property in her vendor before she could base any claim to the possession thereof upon the contract for the sale and purchase of the premises. Title to the premises in the Coal Company will not be presumed from the fact that it entered into the contract to convey the same at some future date.

There is also in the record a total lack of evidence showing or tending to show that B. A. McAllaster, land agent of the vendor, had any power or authority whatever from the vendor, the coal company, to make a contract for the sale and conveyance of its lands, and even if the ownership in fee had been proven to be in the coal company, proof of the agent's authority to make the contract was essential to plaintiff's case. The evidence we think did fairly tend to show that he was the "land agent" of the coal company, but in the absence of testimony showing the nature of his employment, etc., we do not think his authority to make the contract in question can be inferred from this fact alone, especially so in view of the fact that the corporate seal of the company was not affixed to the instrument. This is decisive of the case, but inasmuch as the case will have to go back for a new trial we think it proper to notice one or two other propositions relied upon by plaintiff in error. It is contended on their part that the contract referred to simply conferred upon plaintiff below a mere equitable title to the premises, and thereupon she invokes the familiar rule that such a title will not support an action of this nature, which is the substitute for the old common law action of ejectment. From a careful examination of the contract we are satisfied that it is something more than a mere contract for the sale and purchase of the lot. We cannot escape the conclusion that it was clearly and manifestly the intention and purpose of the parties to it that the

purchaser should have the right to the use, occupation and possession of the premises immediately upon the execution of the contract, such right to continue so long as the purchaser complied with the terms thereof, with respect to payments of the purchase price. In this right there is nothing of an equitable nature, it is purely a legal interest or estate in the premises, growing out of the very terms of the contract itself. It is sufficient to entitle a plaintiff in ejectment to recover if he shows in himself a legal right of possession at the time of the commencement of his suit. Upon the trial the defendants offered testimony tending to show an equitable defense to plaintiff's cause of action. Upon objection the evidence was excluded. In this we perceive no error on the part of the court; the defense was a general denial of the allegations of plaintiff's petition. Under the provisions of Sec. 2988 of the R. S. Wyo., this general denial must be construed to be simply a denial of plaintiff's title and an admission of defendant's alleged possession. Under such issues we do not think evidence tending to show an equitable defense admissible. We are not fully advised by the record as to the precise nature of the equitable defense offered to be proved, but as the case goes back for a new trial we think defendants below should have an opportunity to amend their answer, so as to set up this defense, if any they have and they should so desire.

The judgment of the district court of Sweetwater county is reversed, and the cause remanded for new trial and further proceedings in accordance with the views herein expressed.

*Reversed.*

GROESBECK, C. J., and CONAWAY, J., concur.